**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| THE MORAN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORE STATES BANK, N.A., formerly known as First Pennsylvania Bank,<br><br>　　　　Defendant. | Civil No. 2006-72 |

**ORDER**

The parties have submitted a document entitled "Consent Judgment," which the Court will construe as a motion for the Court to enter judgment in this matter. In that document, the parties stipulate to the following facts.

On August 4, 1977, Wilfred E. Laswell ("Laswell") executed a Quit Claim Deed conveying Parcel 14-37-C, Estate Frenchman's Bay, No. 4, Frenchman's Bay Quarter, St. Thomas, United States Virgin Islands, as shown on P.W.D. No. D9-668-T67 (the "property") to the plaintiff, The Moran Corporation ("Moran")(the "Quit Claim Deed").

*Moran v. Core States*
Civil No. 2006-72
JUDGMENT
Page 2

On November 4, 1977, the defendant, Core States Bank, N.A., formerly known as First Pennsylvania Bank ("Core States")[1] entered an escrow agreement with Moran and Laswell (the "escrow agreement").  Pursuant to the escrow agreement, Core States agreed to hold the fully executed Quit Claim Deed.  Under the terms of the escrow agreement, if prior to his death, Laswell notified Core States that he had obtained a judgment terminating a lease Moran held on the property, Core States would release and return the Quit Claim Deed to Laswell.  However, if Moran furnished a certified copy of Laswell's death certificate to Core States before Laswell notified Core States of a judgment, Core States would release and return the Quit Claim Deed to Moran.

Laswell died on January 9, 2005.  Moran obtained a certified copy of Laswell's death certificate on October 18, 2005.  Moran then furnished a copy of the certified death certificate to Core States with a letter mailed on January 11, 2007.

Significantly, Core States has neither certified nor stipulated that, prior to Moran furnishing a certified copy of the death certificate, Laswell did not notify Core States of any judgment terminating Moran's lease on the property by virtue of a default by Moran.  That omission is of great concern to the Court when coupled with Core States' statement that it cannot locate

---

[1] Wachovia N.A. is the successor in interest to Core States.

*Moran v. Core States*
Civil No. 2006-72
JUDGMENT
Page 3

the original deed.  Indeed, these circumstances may exist precisely because the original deed already may have been released and returned to another party.

Accordingly, it is hereby **ORDERED** that the parties' motion to enter judgment is **DENIED**.

**DATED: August 2, 2007**


                                        s/_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**